**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID MICHAEL FUSCHAK,

                Petitioner - Appellant,

    v.

GARY SWARTHOUT, Warden,

                Respondent - Appellee.

No. 12-15262

D.C. No. 3:11-cv-03790-SI

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted November 17, 2014
San Francisco, California

Before: GOULD, WATFORD, and FRIEDLAND, Circuit Judges.

David Fuschak challenges the dismissal of his federal habeas petition as

untimely, arguing that he is entitled to both statutory and equitable tolling of the

one-year statute of limitations. We need not address all of the grounds Fuschak

asserts as a basis for tolling. To prevail on appeal, he must establish entitlement to

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

either statutory or equitable tolling for the period between the denial of his state trial court habeas petition and the filing of his habeas petition in the California Court of Appeal.  He has not established entitlement to either form of tolling.

**1.**  To be entitled to statutory tolling, Fuschak must show that he filed his Court of Appeal petition in a timely manner.  *See Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir. 2014).  Following the denial of his state trial court petition, Fuschak took 103 days to file his next petition in the Court of Appeal.  Under California law, delays of this length are unreasonable absent a showing of good cause.  *See id.* at 935–36.  Fuschak asserts that his lack of access to the prison law library and his mental illness justify the 103-day delay.  However, he did not adequately explain to the state courts why he needed more than two hours of library access per week to revise his trial court petition, or why his mental illness rendered the additional delay reasonable.  Absent such an explanation, we conclude that California courts would deem Fuschak's Court of Appeal petition untimely.  *See id.* at 937.  Because the Court of Appeal petition was untimely, neither that petition nor his subsequent California Supreme Court petition was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  As a result, Fuschak is not entitled to statutory tolling for any period after the denial of his state trial court petition.

**2.** Fuschak argues that he is entitled to equitable tolling for the period following denial of his state trial court petition because he relied on a handbook from the prison law library that suggested the federal statute of limitations stopped running during the entire state habeas process, whether or not his state petitions were timely filed. Fuschak could not reasonably have relied on the handbook to justify the 103-day delay in filing his California Court of Appeal petition. The handbook in question clearly notes that "[p]ublished decisions" on what is required for tolling in between denial in one state court and filing in a higher state court "have gone both ways," and states that petitioners should use "as few days as possible in between" state post-conviction petitions.

**3.** Fuschak also asserts that he is entitled to equitable tolling for his mental illness. However, Fuschak has not shown that his impairment was so severe that he was unable to understand the need to timely file, or that his mental health issues rendered him unable to prepare a habeas petition. *See Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010).

Without either statutory or equitable tolling for the 103 days between the denial of his state trial court petition and the filing of his petition in the California Court of Appeal, Fuschak's federal habeas petition is untimely.

**AFFIRMED.**